**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: March 29 2024**

John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No.: 22-30300 |
| Joseph M. Fix, II, | Chapter 7 |
| Debtor. | Adv. Pro. No. 23-03013 |
| Thomas E. Cafferty, Trustee | Judge John P. Gustafson |
| Plaintiff, | |
| v. | |
| Joseph M. Fix, II, et. al., | |
| Defendants. | |

## MEMORANDUM OF DECISION AND ORDER REGARDING CROSS MOTIONS FOR SUMMARY JUDGMENT

This Adversary Proceeding is before the court on Plaintiff-Trustee Thomas E. Cafferty's (the "Plaintiff-Trustee") Motion for Summary Judgment [Doc. #16], the Defendants, Joseph M. Fix, II (the "Debtor") and Joseph M. Fix (the "Debtor's Father"), response to Plaintiff-Trustee's Motion for Summary Judgment [Doc. #24], the Defendants' Motion for Summary Judgment [Doc.

#20], and Plaintiff-Trustee's response to the Defendants' Motion for Summary Judgment [Doc. #23]. In the Complaint, Plaintiff-Trustee seeks to avoid an unrecorded interest in real estate titled and recorded in the Debtor's name pursuant to 11 U.S.C. §544(a)(3). [Doc #1, p. 3]. Defendants argue that the home is not "property of the estate" pursuant to §541(d).

## I. JURISDICTION

The court has jurisdiction over Defendant-Debtor's underlying Chapter 7 case and this adversary proceeding pursuant to 28 U.S.C. §§1334(b) and 157(a) and Local General Order 2012–7 of the United States District Court for the Northern District of Ohio. Actions to determine the validity of liens and real property sale approval are core proceedings that this court may hear and determine. 28 U.S.C. §§157(b)(2)(H), (N) and (O). Venue is proper under 28 U.S.C. §1409(a).

For the following reasons, Plaintiff-Trustee's Motion for Summary Judgment will be denied, and Defendants' Motion for Summary Judgment will be denied.

## II. FACTUAL BACKGROUND

1. On March 27, 2014, David J. Slesinski conveyed, by general warranty deed, 1527 Remington St., Toledo, OH 43605 (the "Property") to the Debtor. ("Compl.," Doc. #1, ¶7; "Am. Answer," ¶1-2).

2. On the same day, Debtor's Father executed a promissory note for $4,500.00 to David J. Slesinski. ("Def.'s Mot. for Summ. J.," Doc. #21, Ex. A; Aff. of Ownership, p. 2).

3. On March 28, 2014, the deed to the Debtor was recorded in Lucas County, Ohio, under instrument number 20140328-0010714. ("Compl.," Doc. #1, ¶7; "Am. Answer," ¶1-2).

4. In March 2014, Debtor's Father asserts that he moved into the Property ("Pl.'s Mot. for Summ. J.," Doc. #16, Ex. A, p. 4) and began using it as his principal residence. ("Def.'s

2

Mot. for Summ. J.," Doc. #20, p. 1).

5. However, Debtor's Father also averred that he "filed an eviction in the Toledo Municipal Court on or about August 19, 2014 to evict the existing tenant from my purchase of said property." ("Pl.'s Mot. for Summ. J.," Doc. #16, Ex. B, ¶4; "Def.'s Mot. for Summ. J.," Doc. #21, Ex. A; Aff. of Ownership, ¶4).

6. Debtor's Father paid "the purchase price, real estate taxes, maintenance, upkeep, and property insurance, . . . signed a promissory note for payment on [the Property, and] . . . resided in said property since 2015." ("Def.'s Mot. for Summ. J.," Doc. #21, Ex. A; Aff. of Ownership, ¶2-6).

7. On April 22, 2016, the United States of America, Department of Treasury, Internal Revenue Service ("IRS") issued a Notice of Federal Tax Lien against the real personal property of the Debtor's Father. ("Compl.," Doc. #1, ¶15).

8. On March 4, 2017, the State of Ohio, Department of Taxation ("State of Ohio") issued a Judgment Lien against real property owned by the Debtor's Father in Lucas County, Ohio. (*Id.* at ¶16).

9. On March 11, 2022, Debtor "filed his petition for relief under Chapter 7." ("Compl.," Doc. #1, ¶3; "Am. Answer," ¶1).

10. Under Schedule A of the voluntary petition for relief under Chapter 7 of the Bankruptcy Code,[1] Debtor disclosed his interest in the Property. (*Id.*).

11. Debtor further disclosed under Schedule A that Debtor's Father resided and paid for the insurance and real estate taxes of the Property. ("Def.'s Mot. for Summ. J.," Doc. #20, p.

---

1/ BK No. 22-30300.

3).

12. Debtor's Father testified that utilities are in the name of Debtor. ("Pl.'s Mot. for Summ. J.," Doc. #16, Ex. A, p. 11).

13. On July 12, 2022, Plaintiff-Trustee filed a Notice of Proposed Sale for the Property as property of the bankruptcy estate. ("Compl.," Doc. #1, ¶8); "Am. Answer," ¶1).

14. On July 31, 2022, the Debtor contested the proposed sale of the Property as property of the bankruptcy estate. ("Compl.," Doc. #1, ¶9); "Am. Answer," ¶1).

15. On March 27, 2023, Plaintiff-Trustee filed this adversary proceeding in this court ("Compl.," Doc. #1), and the aforementioned summary judgment motions and responses followed.

### III. LAW AND ANALYSIS

A. *Summary Judgment Standard*

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Wilson v. Gregory*, 3 F.4th 844, 855 (6th Cir. 2021). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88, 106 S. Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986).

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any'

which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). The moving party can discharge its initial burden of proof by either coming forward with evidence showing the absence of a genuine issue of material fact or by showing that there is no such issue by pointing out to the court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S. Ct. at 2554.

Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.* "The non-moving party, however, must provide more than mere allegations or denials . . . without giving any significant probative evidence to support" its position. *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

The fact that the parties have filed cross-motions for summary judgment does not mean, of course, that summary judgment for one side or the other is necessarily appropriate. "When parties file cross-motions for summary judgment, 'the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.'" *Parks v. LaFace Records*, 329 F.3d 437, 444–45 (6th Cir. 2003)(*quoting*, *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 593 (6th Cir. 2001)); 10a Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2720 (4th ed. 2024 update).

1. *The Plaintiff-Trustee's Claims*

The Plaintiff-Trustee's Complaint has two claims. Claim I seeks a decision that avoids the equitable interest claimed by the Debtor's Father in the Property. This unrecorded interest is being asserted based on the Debtor's Father's claim of equitable title despite the fact that the Property is titled in the Debtor's name in the county land records. The Plaintiff-Trustee argues, in the first instance, that the Property is part of the bankruptcy estate because it is titled in Debtor's name. If Debtor's Father has any equitable interest in the Property, the Trustee asserts that it is avoidable under the "strong-arm powers" of §544(a), that include trustees being given the powers of a hypothetical bona fide purchaser under §544(a)(3). Under §544(a)(3), unrecorded property interests are fraudulent as to a bona fide purchasers without knowledge of the unrecorded interest. This statutory power is specifically intended to allow avoidance of unrecorded interest in bankruptcy, such as the unrecorded equitable interest claimed by Debtor's Father.

Claim II seeks a ruling that the IRS's Notice of Federal Tax Lien, dated April 22, 2016, and the State of Ohio's Judgment Lien, dated March 4, 2017, do not encumber the Property. Despite these liens being effective against the Debtor's Father, the Plaintiff-Trustee contends that since the Property is owned by the Debtor, the liens never attached to the Property. The Plaintiff-Trustee seeks entry of summary judgment as to the relief sought in both Claims I and II.

2. *The Defendants' Claim*

The Defendants claim that the Property should not be considered part of the bankruptcy estate under §541(d). They claim that Debtor's Father purchased and maintained the Property, while the Debtor holds only bare legal title because under Ohio law a "resulting trust" was created.

6

They further assert that the Plaintiff-Trustee's statutory avoidance powers do not apply to the facts in this csae, emphasizing that the Property was, in fact, acquired, funded, owned, maintained, and utilized by the Debtor's Father as his primary residence. He provided the purchase price for the property and has been responsible for taxes, maintenance, and insurance since the purchase.

The first issue to be addressed is whether, on summary judgment, the court can find that Debtor's Father has established the existence of a "resulting trust" in the Property under Ohio law. There is a subsidiary issue, which the court will only briefly address, as to whether a bankruptcy court can essentially recognize a "resulting trust" when Sixth Circuit case law clearly states that a bankruptcy court cannot create a "constructive trust." Finally, the court will then address the issue of what property interest Debtor's Father may have, if the requirements of a resulting trust are met under Ohio law.

Next, if there is a valid "resulting trust" under Ohio law on all or some part of the Property, can Debtor's Father demonstrate, on summary judgment, that a bona fide purchaser of the real estate, at the time of filing, would not prevail over his equitable claim under Ohio law. This issue involves consideration of the role of "constructive notice" under Ohio law.

B. *Resulting Trust*

Defendants assert that Debtor held the Property in trust for Debtor's Father and that it was not property of Debtor's bankruptcy estate. Section 541 broadly defines property of the estate, subject only to specific exclusions. In the present case, the subsections pertinent for defining property of the bankruptcy estate are §§541(a)(1) and (3), which state:

(a) The commencement of the case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>
> ***
>
> (3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

11 U.S.C. §§541(a)(1) and (3).

"Under section 541(a), and with a few enumerated exceptions, the bankruptcy estate consists of all of the debtor's legal and equitable property interests that existed as of the commencement of the case, . . . ." 5 Collier on Bankruptcy, ¶541.02 (16th ed. 2023). "Section 541(d) clarifies section 541(a)(1) by expressly providing that any such interest held by the debtor at the commencement of the case becomes estate property under subsection (a)(1) or (a)(2) but only to the extent of the debtor's legal title to the property, not including any equitable interest not held by the debtor." 5 Collier on Bankruptcy, ¶541.28 (16th ed. 2023).

Section 541(d) states, in pertinent part:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

In short, §541 determines what property interests constitute estate property, and property the debtor holds in trust for another does not become property of the estate available for distribution to creditors. *In re Newpower*, 233 F.3d 922, 936 (6th Cir. 2000)("the bankruptcy code is clear that property is includable only to the extent of the debtor's legal title and not to the extent of any equitable interest that the debtor does not have . . . ."); *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205, n. 10, 103 S. Ct. 2309, 76 L.Ed.2d 515 (1983)("We note only that Congress plainly

8

excluded property of others held by the debtor in trust at the time of the filing of the petition."). Whether the Debtor's Father held the Property in a valid "resulting trust" is governed by Ohio law. *Butner v. United States*, 440 U.S. 48, 54–55, 99 S. Ct. 914, 59 L.Ed.2d 136 (1979).

Under Ohio law, trusts can be both express and implied. An implied trust includes resulting and constructive trusts. *See*, 91 Ohio Jur. 3d Trusts §206 (2023). The Ohio Supreme Court defines a resulting trust "as one which the court of equity declares to exist where the legal estate in property is transferred or acquired by one under facts and circumstances which indicate that the beneficial interest is not intended to be enjoyed by the holder of the legal title." *In re Cunningham*, 2008 WL 2746023 at *3, 2008 Bankr. LEXIS 4125 at *10 (Bankr. N.D. Ohio July 11, 2008)(quoting *First Natl. Bank of Cincinnati v. Tenney*, 138 N.E.2d 15, 17 (Ohio 1956)); *see also*, *Johnson v. Kuehn*, 2020 WL 4036875 at *5, 2020 Ohio App. LEXIS 2684 at *16 (Ohio App. Ct. 7th Dist. July 10, 2020). The intent of the parties is the touchstone consideration. *See*, *John Deere Industrial Equip. Co. v. Gentile*, 459 N.E.2d 611, 616 (Ohio App. Ct. 8th Dist. 1983); *In re Cunningham*, 2008 WL 2746023 at *3, 2008 Bankr. LEXIS 4125 at *11.

"A purchase-money resulting trust arises where title to property is transferred to one person, but the purchase price is paid by another." *Brate v. Hurt*, 880 N.E.2d 980, 986 (Ohio App. Ct. 12th Dist. 2007)(citations omitted); *see also*, 91 Ohio Jur. 3d Trusts §225 (2023). The property is considered to be held in trust by the transferee for the benefit of the payor. *See*, *In re Cunningham*, 2008 WL 2746023 at *3, 2008 Bankr. LEXIS 4125 at *11; 91 Ohio Jur. 3d Trusts §226 (2023).

However, when a transfer is made "by the payor to a 'natural object of the bounty' of the payor" there is no implication of a resulting trust. *In re Cunningham*, 2008 WL 2746023 at *4,

9

2008 Bankr. LEXIS 4125 at *12. Thus, if the transferee is a family member of the payor, there arises a presumption of a gift, granting the transferee both legal and equitable title to the property. *Id.* (citing *John Deere Industrial Equip. Co.*, 9 Ohio App.3d 251, 255, 459 N.E.2d, 611, 616 (Ohio Ct. App. 8th Dist. 1983)(conveyance from a parent to a child is presumed to be a gift, unless overcome by other evidence)). However, this presumption can be rebutted by clear and convincing evidence demonstrating the payor's intent to retain equitable title.

"[A] party seeking recognition of a resulting trust bears the burden of justifying its existence with clear and convincing evidence." *Stevens v. Radey*, 117 Ohio St. 3d 65, 68, 881 N.E.2d 855, 860 (Ohio 2008); *In re Phillips*, 41 B.R. 143, 145–46 (Bankr. N.D. Ohio 1984)(citing *Hoffman v. Vetter*, 192 N.E.2d 249 (Ohio App. Ct. 9th Dist. 1962); *Thomas v. Dye*, 127 N.E.2d 228 (Ohio App. Ct. 2nd Dist. 1954); *see also*, 91 Ohio Jur. 3d Trusts §§211-12 (2023). "If the evidence is doubtful or capable of reasonable explanation upon a theory other than the existence of the trust, it is not sufficient to support a decree declaring and enforcing the trust." *Stevens v. Radey*, 117 Ohio St. 3d at 68, 881 N.E.2d at 860, *quoting*, *Univ. Hosps. of Cleveland, Inc.*, 96 Ohio St.3d 118, 129, 772 N.E.2d 105, 116 (Ohio 2002); see also, 91 Ohio Jur. 3d Trusts §213 (2023).

In addition, a purchase-money resulting trust does not arise if "the transfer is made to accomplish an unlawful purpose . . . [and] the policy against unjust enrichment of the transferee is outweighed by the policy against giving relief to a person who has entered into an illegal transaction." *See*, 91 Ohio Jur. 3d Trusts §225(b). Additionally, "there is no resulting trust where title is taken in the name of another in order to hinder, delay, or defraud existing creditors." *See*, *id.* §232; *see also*, *Vanzant's Lessee v. Davies' Heirs*, 6 Ohio St. 52 (1856). "Where one pays for property and takes title in the name of another, if the purpose is to hinder, delay, or defraud

10

creditors, neither the payor nor the payor's heirs after the payor's death can succeed in having the property restored to them on any resulting trust theory." *See*, 91 Ohio Jur. 3d Trusts §232 (2023).

"Once [a resulting trust] is proved, the oral contract between the parties falls outside the statute of frauds and [a] cause of action would not be barred." *Dawson v. Whatmough*, 1984 WL 7253 at *2, 1984 Ohio App. LEXIS 10749 at *5 (Ohio App. Ct. 11th Dist. Aug. 31, 1984)(citing 76 Am. Jur. 2d, Trust's, Section 194; *In re Clemens*, 472 F.2d 939 (6th Cir. 1972)). Resulting trusts "may generally be proved by parol and by both direct and circumstantial evidence." *See*, 91 Ohio Jur. 3d Trusts §211 (2023).

The facts here do not fit a simple "purchase money resulting trust" for two reasons. First, the transfer was from a father to a son, the son being the "natural object" of a father's "bounty," to use the parlance of the case law, no presumption of a resulting trust arises. Second, Debtor's Father must overcome two other state law impediments to the court finding a resulting trust: 1) the evidence that the transfer was for estate planning purposes; and 2) the circumstantial evidence that the transfer may have been for the avoidance of taxes.

There is also a factual discrepancy that may, because it involves a time period just after the transfer was made, require clarification at an evidentiary hearing. On the one hand, Debtor's Father claims he immediately moved into the Property and used it as his primary residence in March of 2014. On the other hand, there is a sworn statement indicating that he commenced eviction proceedings against "the existing tenant from my purchase of said property" in August 2014 and only continuously occupied the property starting in 2015.

Assessing these issues under a summary judgment standard, Defendants may be able to established by clear and convincing evidence - through parole evidence and clarification of certain

11

23-03013-jpg    Doc 25    FILED 03/29/24    ENTERED 03/29/24 16:41:57    Page 11 of 19

circumstantial evidence - that a resulting trust was intended. *See*, *In re Clemens*, 472 F.2d 939 (6th Cir. 1972)(a decision under the Bankruptcy Act). But there are several hurdles that would need to be overcome by Defendants to prevail on this issue.

Viewing the facts in the light most favorable to the Chapter 7 Trustee, the existence of the federal and state tax liens that were filed against Debtor's Father create a question as to whether the transfer was made with the intent (in whole or in part) to hinder, delay or defraud the taxing authorities. The dates when those tax obligations first arose is not part of the record in this case. All that has been alleged is when the federal and state tax liens were filed against Debtor's Father. As discussed above, no resulting trust can arise when the motivation is to hinder, delay or defraud creditors.

On of the Debtor's Father's stated purposes for making the transfer was for "estate planning". This factual assertion by Defendants raises an additional question. If the intention was for the Property to be solely in the Debtor's Father's name, the deed would have reflected that. There has been no allegation that the titling of the Property in Debtor's name was contrary to Debtor's Father's wishes. Assuming that the court accepts the Defendants' assertion that the motivation was estate planning, it appears that the intended arrangement might have been a life estate for the Debtor's Father, with the remainder going to the Debtor upon his passing. If that was the case, it is unclear why equity would require a resulting trust to arise as to the Property in fee simple, rather than just on the Debtor Father's life estate in the Property. The remainder interest would then property of the Debtor's estate, and subject to sale by the Chapter 7 Trustee. If joint ownership were intended, the same issue arises – why would equity require a resulting trust on the Property in fee simple?

12

Debtor's Father's other asserted reason for putting the Property in Debtor's name was a concern that if he got married, his new wife could claim an interest in the Property. The court is unaware of any case law that directly addresses the legal effect of such a motivation on the issue of whether a resulting trust could arise under Ohio law. There is no allegation that Debtor's Father married after the transfer of the Property to Debtor. There is also no evidence of any request of effort to put record title back in Debtor's Father's name.

Finally, there is an additional issue which involves the role of a bankruptcy court in dealing with implied trusts. There is clear Sixth Circuit authority that state courts can impose constructive trusts, but bankruptcy courts may not. *XL/Datacomp, Inc. v. Wilson (In re Omegas Grp. Inc.)*, 16 F.3d 1443, 1449-53 (6th Cir. 1994)("Because a constructive trust, unlike an express trust, is a remedy, it does not exist until a plaintiff obtains a judicial decision finding him to be entitled to a judgment 'impressing' defendant's property or assets with a constructive trust."); *Kitchen v. Boyd (In re Newpower)*, 233 F.3d 922, 935-37 (6th Cir. 2000); *In re Blume*, 582 B.R. 178 (Bankr. E.D. Mich. 2017). The issue of how this case law impacts resulting trusts – which, like constructive trusts are "implied trusts" – is unclear and will need to be addressed by the parties.

Accordingly, given the factual issue involved with establishing a resulting trust under Ohio law, the court finds that this issue is not one that can be resolved on summary judgment. The ruling by the court on the issue of a resulting trust, however, would not preclude summary judgment in the Plaintiff-Trustee's favor if he established his status as a "bona fide purchaser" taking free of such resulting trust under §544(a)(3) and applicable Ohio law.

C. *Plaintiff-Trustee's Argument and Section 544(a)(3) of the Bankruptcy Code*

Plaintiff-Trustee seeks a determination by the court that any claimed equitable interest of

13

the Debtor's Father in the Property is avoidable under §544(a)(3). To succeed in such an action, a trustee must demonstrate that a hypothetical bona fide purchaser of the property at the time of the commencement of the Chapter 7 case would be able to avoid that interest. 5 *Collier on Bankruptcy* ¶544.05 (16th ed. 2024). Ohio law, including Ohio R.C. 5301.25(A), establish that deeds and instruments related to the conveyance or encumbrance of land generally must be recorded to be valid against subsequent bona fide purchasers without knowledge of their existence.

Section 544(a)(3) provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

\* \* \* \* \*

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

*See also*, *Simon v. Chase Manhattan Bank* (*In re Zaptocky*), 250 F.3d 1020, 1027 (6th Cir. 2001).

As such, a bankruptcy trustee "may avoid any transfer of real property that would have been unenforceable against a bona fide purchaser of the property at the time a bankruptcy petition was filed." *Argent Mortg. Co., LLC v. Drown* (*In re Bunn*), 2008 WL 4449551 at \*2, 2008 U.S. Dist. LEXIS 91744 at \*6 (S.D. Ohio Sept. 30, 2008); *aff'd Argent Mortg. Co., LLC v. Drown* (*In re Bunn*), 578 F.3d 487 (6th Cir. 2009). "As a hypothetical bona fide purchase, the trustee under this subsection is deemed to have conducted a title search, paid value for the property and perfected its interest as a legal title holder as of the date of the commencement of the case." 5 Collier on Bankruptcy, ¶544.05 at 544-18 (16th ed. 2024).

14

With regard to constructive notice, the Plaintiff-Trustee asserts that the absence of recorded documents indicating the Debtor's Father's interest, coupled with the legal title held solely in the Debtor's name, underscores the absence of constructive notice that could be attributable to the Plaintiff-Trustee.

The purpose of §544(a)(3) of the Bankruptcy Code is to allow a bankruptcy trustee to avoid undisclosed interests in real property. *See*, *Hunter v. Bank of N.Y.* (*In re Anderson*), 266 B.R. 128, 136 (Bankr. N.D. Ohio 2001). The trustee's strong-arm powers, however, are not without limitation. Rather, "the extent to which a trustee's rights as a bona fide purchaser of real property will defeat a competing interest in the same property is measured by the substantive law of the state governing the property in question." *Id.* at 132 (citing *Owen–Ames–Kimball Co. v. Michigan Lithographing Co.* (*In re Michigan Lithographing Co.*), 997 F.2d 1158, 1159 (6th Cir. 1993)).

The Property is located in Ohio; therefore, Ohio law governs. *In re Zaptocky*, 250 F.3d at 1024. "Under Ohio law, a bona fide purchaser is defined as one who takes in good faith, for value, and without actual or constructive notice of any defect." *Terlecky v. Beneficial Ohio, Inc.* (*In re Key*), 292 B.R. 879, 883 (Bankr. S.D. Ohio 2003)(citing *Shaker Corlett Land Co. v. City of Cleveland*, 139 Ohio St. 536, 41 N.E.2d 243 (1942)). Because the Bankruptcy Code provides that a bankruptcy trustee is a bona fide purchaser regardless of actual knowledge, constructive knowledge is the only relevant inquiry in the context of an avoidance action under §544(a)(3). *In re Schlabach*, 490 B.R. 555, 560 (Bankr. S.D. Ohio 2012); *In re Costell*, 75 B.R. 348, 352 (Bankr. N.D. Ohio 1987).

D. *Sections 544(a) and 541(d)*

The Defendants assert that the Property should not be deemed part of the bankruptcy estate

pursuant to §541(d), contending that the Debtor's Father acquired and managed the Property, with the Debtor holding only bare legal title as per Ohio's laws establishing a "resulting trust." However, several courts have held that a bankruptcy trustee's powers as a bona fide purchaser can trump the rights of the beneficiary of the resulting trust. *See*, *In re Neundorf*, 2022 WL 198858 at *5, 2022 Bankr. LEXIS 91 at *12 (Bankr. W.D. Okla. Jan. 13, 2022)(Section 544(a)(3) "includes the right to obtain title to property free of certain unrecorded legal or equitable interests."); *In re Arzate*, 618 B.R. 535, 543 (Bankr. W.D. Okla. 2020)("If a resulting trust is established, the rights of a trustee as a bona fide purchaser trump those of the beneficiary of the resulting trust."); *Burns v. Creech*, 350 B.R. 24, 29 (Bankr. M.D. N.C. 2006)("the interests of a bona fide purchaser for value without notice of the trust are superior to the interests of a beneficiary of a resulting trust."); *In re Paradise & Associates, Inc.*, 249 B.R. 360, 366 (D. Del. 2000)("[I]n spite of § 541(d), § 544(a) appears to permit the trustee to bring constructive trust property into the estate through his strong arm powers as a hypothetical bona fide purchaser since a constructive trust beneficiary's interest in real property is an unrecorded interest, which would be inferior to the interest of a bona fide purchaser of such property.").

Accordingly, the fact that an equitable interest in real estate may arguably meet the definition of an excluded interest under Section 541(d) does not prevent avoidance of that interest if it could be defeated by a hypothetical bona fide purchaser under state law.

1. *Constructive Notice Under Ohio Law*

In Ohio, constructive notice is notice imputed by the law to a person not having actual notice. *Fraley v. Ohio Dep't of Rehab. & Correction*, 139 N.E.3d 1264, 1273 (Ohio App. Ct. 10th Dist. 2019). "[C]onstructive notice can be imputed when the transferee is in 'open and observable

16

possession' of real estate." *In re Brown Fam. Farms, Inc.*, 80 B.R. 404, 408 (Bankr. N.D. Ohio 1987), *aff'd*, 872 F.2d 139 (6th Cir. 1989)(citing *Butcher v. Kagey Lumber Co.*, 164 Ohio St. 85, 90, 128 N.E.2d 54 (1955); *Williams v. Sprigg*, 6 Ohio St. 585, 594–97 (1856); *Ranney v. Hardy–Zeller v. Bading*, 43 Ohio St. 157, 159–60 (1885); 72 O. Jr. 3d Notice and Notices §22. Possession of real estate will operate as constructive notice if possession is exclusive and "of a character to fairly give information that the occupant is asserting dominion over the property under some claim of right or authority." *Ranney v. Hardy–Zeller v. Bading*, 43 Ohio St. 157, 160 (1885). "There must be something in the acts which accompany possession of property, in order to give constructive notice, which can be seen and understood—something that will induce inquiry—that will naturally raise the question as to who may have rights there." *Williams v. Sprigg*, 6 Ohio St. 585, 595 (1856).

Here, the Debtor was the sole title holder of the Property based on a recorded general warranty deed. The Debtor's Father was in possession. In *In re Horn*, the bankruptcy court determined that the trustee, acting as a hypothetical bona fide purchaser, could avoid the unrecorded interest of the debtor's father in the real property. 606 B.R. 747, 751 (Bankr. S.D. Ohio 2019). The debtor's father, who did not reside at the property, had transferred it to the debtors, who then transferred it back. *Id.* at 747. The court's reasoning was that the trustee did not have constructive notice of the unrecorded real estate instrument. *Id.* at 751. If the trustee had inquired about the ownership of the property beyond what was recorded, no discrepancy would have been discovered. Consequently, the court found that there was no constructive notice, enabling the trustee to maintain their status as a bona fide purchaser.

In *In re Brown Fam. Farms, Inc.*, the court held that that although the debtor was in

17

possession of the property, this possession was not "open and observable." *In re Brown Fam. Farms, Inc.*, 80 B.R. at 408. The debtor assisted in maintaining the farm before and after the property was transferred. *Id.* The court reasoned that the debtor's continued involvement in farm-related activities, both before and after the transfer, did not significantly differ, thus failing to establish constructive notice attributable to the trustee. *Id.* at 409.

The Debtor's Father's possession does not align with the recorded title, but was not necessarily inconsistent with record title, given the parties' relationship. Further clarification is needed to determine whether his possession was "open and observable." An additional complication arises with this issue because of the similarities of the Defendants' names: Joseph M. Fix and Joseph M. Fix, II. Accordingly, given the unresolved complications above, the court finds that this issue is not one that can be resolved on summary judgment.

E. *Plaintiff-Trustee's Second Claim*

As the Plaintiff-Trustee's motion for summary judgment is being denied, the determination of the aforementioned issues in Claim II cannot be made at this point. Further clarification and establishment of relevant facts are needed before addressing the matters raised in Claim II.

## IV. CONCLUSION

Taken as a whole, the record in this case, including the parties' motions, briefs, exhibits, and affidavits, provide the court with a sufficient basis to deny both Motions for Summary Judgment. Thus, the court finds that summary judgment is not appropriate for the parties based upon the existence of genuine issues of material fact as to the existence and extent of a "resulting trust" and as to avoidance of Debtor's Father's claimed equitable interest using the Trustee-Plaintiff's strong-arm power under §544(a)(3).

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 16] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant-Debtor's Motion for Summary Judgment [Doc. #20] is **DENIED**.